IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HILLABEE CREEK CONSTRUCTION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. _____ ) |
| VERMEER SOUTHEAST SALES & SERVICE, INC., | ) **Pending in the Circuit Court of** ) **Clay County, Alabama** ) **CV-2017-900032** |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW, Defendant Vermeer Southeast Sales & Service, Inc., and submits its Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby gives notice of removal of this case from the Circuit Court of Clay County, Alabama to this Court. As grounds for its Notice, the Defendant states as follows:

1. The defendant asserts the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal."

### I. REMOVAL IS TIMELY AND VENUE IS PROPER

2. The plaintiff, Hillabee Creek Construction, Inc. ("Hillabee") filed suit in the Circuit Court of Clay County, Alabama on September 19, 2017 against Vermeer Southeast Sales & Service, Inc. ("Vermeer"). (See Complaint, Exhibit "A").

3. Vermeer was served with the Complaint on September 25, 2017. Accordingly, this notice is timely under the thirty (30) day time frame set forth in 28 U.S.C. § 1446(b).

4. Venue is proper in this Court because Clay County, Alabama is located within the United States District Court for the Northern District of Alabama, Eastern Division.

## II. FEDERAL DIVERSITY JURISDICTION EXISTS

5. "Any civil case filed in state court may be removed by the defendant to federal court if this case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353, 1356 (11th Cir. 1996)(citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000). A federal court may exercise diversity jurisdiction over all actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). With the limited nature of federal jurisdiction, the defendant must establish the propriety of removal under § 1441. *Leonard v. Enterprise Rent-a-Car,* 279 F. 3d 967, 972 (11th Cir. 2002).

### A. Diversity of Citizenship

6. In order to establish diversity jurisdiction, the parties citizenship must be completely diverse. The plaintiff must be diverse from the defendant. 28 U.S.C. § 1332; *Triggs v. John Crump Toyota, Inc.,* 154 F. 3d 1284, 1287 (11th Cir. 1998).

7. In this case, complete diversity exists. The plaintiff is a corporate citizen of Clay County, Alabama and is an Alabama corporate entity. (See Complaint, ¶ 1, Exhibit "A").

8.    Defendant Vermeer is a corporate entity organized and existing under the laws of the State of Florida with its corporate headquarters located in Orlando, Florida. (See Corporate Documents, Exhibit "B").

9.    Based on the foregoing information, complete diversity of citizenship exists since the plaintiff and defendant are citizens of different states.

**B.    Brief Description of the Case**

10.    Hillabee is a construction company that is based in Clay County, Alabama. (Complaint, ¶1). The plaintiff owns a model D50x 100 Drill that it purchased fifteen (15) years ago that was manufactured by Vermeer Corporation. (Complaint, ¶2). According to the Complaint, the plaintiff's drill rig broke down in January of 2016 and Vermeer was called to conduct "visual inspections and diagnostic tests" to determine the cause of the problem. (Complaint, ¶¶ 9-13). Hillabee contends that Vermeer provided inaccurate advice on the cause of the drill's problems which caused the plaintiff to have to pay for unnecessary repairs and lose business from excessive down time of "approximately $170,000.00 in gross revenue that it otherwise would have retained." (Complaint, ¶19). The plaintiff also claims that Vermeer improperly charged its work to Hillabee's credit card without permission. (Complaint, ¶¶ 37, 38 and 39). As a result of the claims in the Complaint, Hillabee is claiming "actual, compensatory and punitive damages" as well as attorney's fees and costs plus "all other relief to which plaintiff is entitled and this court deems appropriate."

C. **Amount In Controversy**

11. Traditionally, the amount in controversy is gleaned from the damages clause in the complaint. Where the amount in controversy is in doubt then "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the....jurisdictional requirement.'" *Rowe v. Michelinn. Am., Inc.,* 613 F. 3d 1058, 1061 (11th Cir. 2010)(quoting *Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353, 1357 (11th Cir. 1996). In an effort to meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000.00. *Rowe,* 613 F. 3d at 1061 ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 756 (11th Cir. 2010)(concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal").

12. In *Rowe,* the Eleventh Circuit stated:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. [*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010).] Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a

> court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*[ *v. Best Buy Co., Inc.*], 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe,* 613 F.3d at 1061-62.

13. The Complaint includes three separate counts including claims for negligence (Count One), breach of contract (Count Two), and breach of duty of good faith (Count Three). In each count in the Complaint, the plaintiff demands both specific and unspecified amounts of damages. (See Complaint, Exhibit "A"). The damages specified in Counts One, Two and Three total in excess of $192,000.00.

14. In Count One of the Complaint, the plaintiff seeks recovery of monetary damages of "approximately $170,000.00 in gross revenue that it otherwise would have retained" as a result of the defendant's alleged "negligent inspection" of the plaintiff's drill. (Complaint, Count One, ¶¶ 28 and 29). Then in Count Two, the plaintiff alleges damages in the amount of $17,749.88 for breach of contract. (Complaint, Count Two, ¶¶ 33 and 34).

In addition to the nearly $18,000.00 being sought in Count Two for breach of contract, plaintiff also contends:

> As a result of Vermeer's breach, Hillabee Creek suffered monetary damages in a sum not presently susceptible to precise calculation.

(Complaint, Count Two, ¶34)

In Count Three of the Complaint, Hillabee claims that it sustained an additional $4,500.00 in damages because Vermeer allegedly charged its services to Hillabee's credit card without authorization. (Complaint, Count Three, ¶¶ 43 and 44). In contradiction to all the plaintiff's statements about damages sustained and damages claimed, Hillabee adds a non-binding disclaimer to its Complaint to avoid federal jurisdiction.

15. From a fair reading of the Complaint, the preponderance of the evidence establishes that the amount in controversy is met. In a blatant attempt to undermine the right of this defendant to invoke federal diversity jurisdiction, Hillabee's counsel states that "plaintiff requests judgment as follows: actual, compensatory and punitive damages caused by Vermeer's negligence, breach of contract and/or breach of duty of good faith in an amount not to exceed $74,999.99." However, immediately following its disclaimer, in the same breath, plaintiff then asks for "all other relief to which plaintiff is entitled and this count deems appropriate." This is an intentionally open-ended damage claim that contradicts the preceding disclaimer.

16. As set forth above, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00. This Court is allowed to reasonably deduce the amount

in controversy. A fair reading of the Complaint establishes, by a preponderance of the evidence, that the amount in controversy is more than $75,000.00.

17. The defendant's counsel has asked the plaintiff's counsel to confirm that his client is not seeking, and will not accept, more than $75,000.00 in damages. Specifically, the defendant's counsel provided a letter to the plaintiff's counsel asking the plaintiff to sign an affidavit stating that the plaintiff will neither seek nor accept more than $75,000.00 in damages. (See Letter and Affidavit, Exhibit "C").

18. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010) (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information[ ]"). **"The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied."** *Pretka*, 608 F.3d at 754. Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *Id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 770 (quoting

*Roe v. Michelin North America, Inc.*, 637 F.Supp.2d 995, 999 (M.D. Ala. 2009)). *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

19. The defendant has attached hereto as Exhibit "D" a copy of all process, pleadings and orders from the state court action.

20. A Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, has been filed in the Circuit Court of Clay County, Alabama.

### III.  CONCLUSION

21. For the reasons set forth above, removal is proper under 28 U.S.C. § 1441 because this Court has jurisdiction under 28 U.S.C. § 1332. Complete diversity exists. Likewise, the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Therefore, the defendant hereby removes this case to this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendant hereby removes this action to the United States District for the Northern District of Alabama, Eastern Division.

Respectfully submitted,

/s/ *Jeff Friedman*
Jeff Friedman (asb-6868-n77j)
jfriedman@friedman-lawyers.com
Attorney for Defendant Vermeer Southeast Sales & Service, Inc.

**OF COUNSEL:**
FRIEDMAN, DAZZIO ZULANAS & BOWLING, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

## CERTIFICATE OF SERVICE

I hereby certify I have enclosed a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the 25th day of October, 2017.

Mr. Spencer P. Waddell
Mr. Gregory M. Varner
LAW OFFICE OF GREGORY M. VARNER, P.C.
P.O. Box 338
Ashland, AL 36251-0338
spwaddell@gmail.com
varnergreg@yahoo.com
**Attorneys for Plaintiff**

/s/ *Jeff Friedman*
OF COUNSEL