FILED
2017 Oct-25 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit "A"


ELECTRONICALLY FILED
9/19/2017 10:50 AM
17-CV-2017-900032.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | |
|---|---|
| **HILLABEE CREEK CONSTRUCTION, INC.,** ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | **CASE NO.: CV-2017-** |
| ) | |
| **VERMEER SOUTHEAST SALES & SERVICE, INC.,** ) ) ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Hillabee Creek Construction, Inc. ("Hillabee Creek" or "Plaintiff"), by and through the undersigned attorneys, and states its complaint against Vermeer Southeast Sales & Service, Inc. ("Vermeer" or "Defendant") as follows:

## PARTIES

1. Hillabee Creek is a corporation organized and existing under the laws of Alabama with its principal place of business in Clay County, Alabama.

2. Upon information and belief, Vermeer is incorporated in Florida, maintains its principal place of business in Orlando, and conducts business in Alabama.

## JURISDICTION, AND VENUE

3. At the time this cause of action accrued, Plaintiff's principal place of business was in Clay County, Alabama, and Defendant conducted business by agent in Clay County.

4. This Court has subject matter jurisdiction over this action pursuant to ALA. CODE § 12-11-30 of the *Code of Alabama*.

5. Venue in this Court is proper pursuant to ALA. CODE § 6-3-7 and ALA. R. CIV. PRO. 82.

## FACTS

6. Approximately fifteen (15) year ago, Hillabee Creek purchased a model D50x100 drilling rig manufactured by Vermeer Corporation, which is identified by Serial Number 1VRS180Y5X1000185 ("Equipment").

1

7. Hillabee Creek is a corporation that contracts to perform horizontal drilling with various entities and has maintained and used the Equipment for this purpose.

8. In early January 2016, the Equipment began to malfunction and ultimately ceased working.

9. On or around January 8, 2016, Hillabee Creek entered into a contract with Vermeer Southeast Sales & Service, Inc. ("Vermeer") pursuant to which Vermeer would, in exchange for a monetary sum, inspect the Equipment to identify precisely what repairs were required to return the Equipment to operational status.

10. On or around January 8, 2016, Vermeer sent a service technician to inspect the Equipment, which was located in or near Opelika, Alabama.

11. Upon arrival, Vermeer allegedly inspected the Equipment by performing, among other things, visual inspections and various diagnostic tests, and determined the Equipment had broken down as a result of a lack of adequate hydraulic pressure in one of the Equipment's hydraulic pumps.

12. Vermeer ultimately concluded there was insufficient pressure because the pump had failed internally and advised Hillabee of the repairs that were purportedly required to fix the pump and return the Equipment to operational status.

13. Pursuant to Vermeer's diagnosis and recommendation, Hillabee Creek retained two different repair shops to repair and/or rebuild the allegedly broken hydraulic pump for a total of $17,749.88.

14. The repair shops spent three weeks removing, rebuilding, and reinstalling the allegedly broken hydraulic pump, but the repairs failed to return the Equipment to operational status.

15. Hillabee Creek immediately notified Vermeer that the repairs failed to fix the Equipment, and Vermeer sent an additional service representative to perform another inspection, which was conducted at or near Hillabee Creek's office in Clay County, Alabama.

16. Upon completing the inspection, the service representative discovered none of the original repairs identified by Vermeer had been necessary because the hydraulic pump had not failed in any manner whatsoever.

17. The service representative determined the hydraulic pump lacked sufficient pressure because of a faulty electrical wire, which takes far less than one (1) day and $17,000.00 to replace.

18. The Equipment began working properly and was once again fully functional immediately upon the replacement of the faulty wire.

19. While the Equipment's allegedly broken hydraulic pump was being "repaired", Hillabee Creek was unable to use to Equipment and lost a contract requiring use of the Equipment, which would have provided approximately $170,000.00 in gross revenue, that Hillabee Creek would have otherwise retained.

## COUNT ONE - NEGLIGENCE

Plaintiff incorporates by reference each and every factual allegation contained in the preceding paragraphs and further alleges:

20. Vermeer undertook to inspect the Equipment and identify precisely what repairs needed to be performed in order to return the Equipment to operational status.

21. Vermeer negligently inspected and/or failed to inspect the Equipment or the components thereof.

22. As a result of Vermeer's negligent inspection and/or failure to inspect the Equipment or the components thereof, Vermeer failed to identify the faulty electrical wire that prevented the hydraulic pump from reaching and/or maintaining sufficient hydraulic pressure and advised Hillabee Creek to perform various unnecessary repairs on a fully functional hydraulic pump.

23. The only item that required repair and/or replacement was a faulty electrical wire, which existed at the time Vermeer performed its original inspection.

24. Vermeer knew, or should have know, that the faulty electrical wire had caused the pump to suffer from a lack of adequate hydraulic pressure.

25. Hillabee Creek detrimentally relied on Vermeer's inspection report and paid two repair shops a total of $17,749.88 to repair and/or rebuild the allegedly broken hydraulic pump.

26. As a result of Vermeer's negligent inspection and/or failure to inspect the Equipment or the components thereof, the Equipment was unavailable for a period of three weeks while the allegedly broken hydraulic pump was "repaired" pursuant to Vermeer's recommendations.

27. Vermeer knew, or should have known, that Hillabee Creek would rely on Vermeer's inspection and recommendations.

28. In the Equipment's absence, Hillabee Creek lost a contract requiring the use of the Equipment, which would have provided approximately $170,000.00 in gross revenue, that it otherwise would have retained.

29. As a result of Vermeer's negligent inspection of the Drill, Hillabee Creek suffered damages for which Vermeer is liable.

3

## COUNT TWO - BREACH OF CONTRACT

Plaintiff incorporates each and every factual allegation contained in the preceding paragraphs and further alleges:

30. Hillabee Creek entered into an oral and/or written contract with Vermeer pursuant to which Vermeer agreed to inspect the Equipment and identify precisely what repairs were required to return the Equipment to operational status.

31. Vermeer breached its agreement with Hillabee Creek by negligently inspecting and/or failing to properly inspect the Equipment or the components thereof.

32. As a result of Vermeer's breach, Vermeer failed to accurately identify the faulty electrical wire that prevented the hydraulic pump from reaching and/or maintaining sufficient hydraulic pressure and advised Hillabee Creek to perform various unnecessary repairs on a fully functional hydraulic pump.

33. Hillabee detrimentally relied on Vermeer's inspection and paid two repair shops a total of $17,749.88 to perform unnecessary repairs in the allegedly broken hydraulic pump.

34. As a result of Vermeer's breach, Hillabee Creek suffered monetary damages in a sum not presently susceptible to precise calculation.

## COUNT THREE - BREACH OF DUTY OF GOOD FAITH

Plaintiff incorporates each and every factual allegation contained in the preceding paragraphs and further alleges:

35. Vermeer never presented to Hillabee Creek an invoice for its initial inspection and diagnostic testing of the Equipment.

36. Vermeer did not even create an invoice for its initial inspection and diagnostic testing of the Equipment until January 14, 2016.

37. On or about January 12, 2016, however, Vermeer pulled old credit card information it had on file for Hillabee Creek and attempted to charge the fee and/or expenses associated with Vermeer's inspection of the Equipment to Hillabee Creek's credit card without authorization.

38. Vermeer's attempt to charge the full balance to the card was declined.

39. Over the course of several days, Vermeer attempted to charge Hillabee Creek's card in decreasing amounts on numerous occasions until they hit an amount that was authorized on or about January 13, 2016.

40. The unauthorized transaction exhausted the available credit on Hillabee Creek's credit card account.

41. Vermeer never informed Hillabee Creek of the unauthorized transactions.

42. On or about January 14, 2016, three of Hillabee Creek's four-man crews attempted to use credit cards issued on the same account to purchase fuel and supplies that were necessary to complete work on existing projects, but due to Vermeer's unauthorized charges, the transactions were declined.

43. Hillabee Creek immediately contacted Vermeer upon discovering the unauthorized charges, and although Vermeer agreed to reverse the charges, Hillabee Creek's available credit was not restored for three days.

44. As a result of the inability to purchase fuel and supplies for three days, Hillabee Creek suffered monetary damages in the sum $4,500.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows:

    a. actual, compensatory, and punitive damages caused by Vermeer's negligence, breach of contract, and/or breach of duty of good faith in an amount not to exceed $74,999.99;

    b. Plaintiff's reasonable attorneys fees and the costs of this action; and

    c. for all other relief to which Plaintiff is entitled and this court deems appropriate.

**RESPECTFULLY SUBMITTED,**

/s/ *Spencer P. Waddell*
Spencer P. Waddell (WAD026)
Gregory M. Varner (VAR009)
**LAW OFFICE OF GREGORY M. VARNER, P.C.**
P.O. Box 338
Ashland, Alabama 36251
Telephone: (256) 354-5464
Fax: (866) 608-7630
**Attorneys for Plaintiff**

**Please serve Defendant via certified mail at the following address:**

Vermeer Southeast Sales & Service, Inc.
c/o Incorp Services Inc., Registered Agent
2094 Myrtlewood Drive
Montgomery, Alabama 36111